**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ETHAN ANDREW HANNOLD, | ) | |
| | ) | |
| Petitioner, | ) | 2:19-cv-744-NR-LPL |
| | ) | |
| v. | ) | |
| | ) | |
| SUPERINTENDENT MARK | ) | |
| GARMAN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## <u>ORDER ADOPTING REPORT & RECOMMENDATION (ECF 23)</u>

Before the Court is Magistrate Judge Lenihan's Report and Recommendation (ECF 23), recommending that Petitioner Ethan Andrew Hannold's Petition for a Writ of Habeas Corpus be dismissed as untimely, or alternatively be denied on the merits. Mr. Hannold, proceeding *pro se*, has filed objections to the R&R.  ECF 30.  After carefully considering the record and upon a *de novo* review of the R&R, the Court adopts Magistrate Judge Lenihan's R&R as to the dismissal of Mr. Hannold's petition as untimely.[1]

As to the R&R's dismissal of the petition as untimely, the Court overrules Mr. Hannold's objections, and adopts Magistrate Judge Lenihan's R&R as the opinion of the Court, with some additional explanation below.  *See United States v. Raddatz*, 447 U.S. 667, 676 (1980) ("[I]n providing for a 'de novo determination' … Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." (cleaned up)); *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) ("[I]t must be

---

[1] Because the statute-of-limitations issue is dispositive, the Court need not and does not address the merits of Mr. Hannold's petition, or otherwise adopt the R&R's alternative conclusions on the merits of the petition.  *See, e.g.*, *Ohler v. Lamas*, 542 F. App'x 205, 208 (3d Cir. 2013) ("Because we hold that Ohler's petition is untimely under the AEDPA, we need not reach the merits of his claims.").

assumed that the normal practice of the district judge is to give some reasoned consideration to the magistrate's report before adopting it as the decision of the court. When a district court does accept the Magistrate's report, that is a judicial act, and represents the district court's considered judgment." (cleaned up)).

While Mr. Hannold concedes that his petition is untimely, he argues that equitable tolling should apply. But Magistrate Judge Lenihan concluded, and this Court agrees, that equitable tolling does not apply here. To equitably toll the AEDPA's one-year limitations period, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (cleaned up). "This conjunctive standard requires showing *both* elements" before tolling is permitted. *Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012) (emphasis in original).

"There are no bright lines in determining whether equitable tolling is warranted in a given case." *Id.* (cleaned up). That said, "courts must be sparing in their use of equitable tolling[.]" *Id.* (cleaned up). They should apply equitable tolling "only when the principles of equity would make the rigid application of a limitation period unfair." *Id.* (cleaned up). "Mere excusable neglect is not sufficient" to meet this standard. *Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 619 (3d Cir. 1998) (citations omitted); *see also Holland*, 560 U.S. at 655-56 (Alito, J. concurring) ("[O]ur prior cases make it abundantly clear that attorney negligence is not an extraordinary circumstance warranting equitable tolling. … [M]istakes of counsel are constructively attributable to the client, at least in the postconviction context.").

Additionally, "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) (citing cases). While Mr. Hannold relies extensively on the

Supreme Court's opinion in *Holland*, that case, unlike this one, rose in the death-penalty context, and so applied a stricter standard than the one applicable here.[2] *See, e.g.*, *Champney v. Sec. Pa. Dep't of Corrs.*, 469 F. App'x 113, 116, n.4 (3d Cir. 2012) ("We agree with the District Court's conclusion that Champney's instant appeal is not a capital case and therefore is not entitled to any special leniency."); *Gallawshew v. Kaufmann*, No. 15-4524, 2016 WL 4727155, at *2 (E.D. Pa. July 21, 2016), *report and recommendation adopted*, 2016 WL 4721114 (Sept. 8, 2016).

Nonetheless, Mr. Hannold's arguments and objections boil down to three essential points: his attorney did not inform him that the Pennsylvania Supreme Court denied his allowance of appeal; his attorney let the AEDPA deadline expire; and his attorney, due to the attorney's error and miscalculation, gave him incorrect information about the relevant AEDPA deadlines. But in this non-capital case, Mr. Hannold has not shown that these missteps rise to the level of "extraordinary circumstances."[3] *See, e.g.*, *Holland*, 560 U.S. at 652 ("[Attorney] Collins failed to file

---

[2] Further, while not dispositive in this case, the petitioner in *Holland* produced numerous letters and other evidence showing his diligence and his attorney's malfeasance. The Supreme Court largely based its conclusion in that case on the plethora of evidence the petitioner provided. *See Holland*, 560 U.S. at 652; *see also id.* at 636-43 (describing the petitioner's letters to his attorney). In contrast, Mr. Hannold provides no such evidence.

[3] Mr. Hannold, in his objections to the R&R, relies heavily on the Third Circuit's non-precedential opinion in *Schlager v. Superintendent Fayette SCI*, 789 F. App'x 938 (3d Cir. 2019). In *Schlager*, the panel concluded that the petitioner's post-conviction counsel had abandoned the petitioner, constituting extraordinary circumstances. *Id.* at 941-42. Even setting aside that *Schlager* is non-precedential, however, it is distinguishable from Mr. Hannold's case. In *Schlager*, petitioner and his father "repeatedly called counsel's office, wrote letters, and tried to make appointments to no avail." *Id.* at 941. Instead, counsel's office specifically and affirmatively told petitioner that they would advise him when the state court had ruled on his appeal. *Id.* Because of these affirmations, the court found that the attorney made "misleading statements" that "stymied" the petitioner's "ability to file" when counsel failed to inform the petitioner of the state court's ruling. *Id.* at 941-42; *see also id.* at 942 ("Schlager reasonably relied on his *counsel's repeated representations* that he would

Holland's petition on time and appears to have been unaware of the date on which the limitations period expired—two facts that, alone, might suggest simple negligence."); *LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir. 2005) ("LaCava fares no better by implying that counsel was derelict in failing to timely notify him of the state court's disposition. We have stated that in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." (cleaned up)); *Middleton v. Warden*, No. 19-1594, 2020 WL 7059633, at \*4 (M.D. Pa. Dec. 2, 2020) ("[E]xtraordinary circumstances have been found only where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (4) the court itself has misled a party regarding the steps that the party needs to take to preserve a claim." (citing *Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005))).  Because Mr. Hannold has not sufficiently shown extraordinary circumstances justifying equitable tolling, the Court overrules his objections.[4]

---

notify Schlager when the appeal was resolved." (emphasis added)).  In contrast, Mr. Hannold neither "repeatedly" reached out to counsel, nor received a specific affirmation that counsel would contact him as soon as the Pennsylvania Supreme Court ruled on his petition.  Indeed, Mr. Hannold states that the only reason he had this expectation was because his attorney had "pr[e]viously inform[ed] Mr. Hannold of the outcome of all previous appeals in a timely manner, [so] Mr. Hannold had no reason to believe [his attorney] would do otherwise upon the outcome of his petition for allowance of appeal[.]"  ECF 30, p. 5.  But not only does Mr. Hannold's acknowledgement conflict with his accusations of attorney abandonment, it also shows that he never received an affirmative representation from counsel that misled him.

[4] Additionally, while Magistrate Judge Lenihan did not address the second requirement for equitable tolling—whether Mr. Hannold pursued his rights diligently—the Court doubts that Mr. Hannold meets this prong either.  First, Mr. Hannold does not provide any evidence that he reached out to his attorney for updates on his appeals and petitions while they were pending.  Second, after learning that the

Thus, with the addition of the discussion above, the Court adopts Magistrate Judge Lenihan's R&R (ECF 23) as to the dismissal of the petition as untimely, and overrules Mr. Hannold's objections (ECF 30).  Mr. Hannold's petition (ECF 4) is **DISMISSED** with prejudice, and no certificate of appealability will issue.  The Clerk of Court shall mark this case closed.

Date: April 19, 2022                                       BY THE COURT:


                                                          /s/ *J. Nicholas Ranjan*
                                                          United States District Judge

---

Pennsylvania Supreme Court denied his petition for allowance of appeal, thereby triggering the AEDPA clock, Mr. Hannold apparently waited fourteen days to act, including contacting his attorney and filing his *pro se* habeas petition.  Third, the reason Mr. Hannold was short on time following the denial of his allowance of appeal was because most of his one-year limitations period expired before he filed his petition for allowance of appeal in the first place.  *See Martin v. Administrator N.J. State Prison*, 23 F.4th 261, 273 (3d Cir. 2022) ("This 'reasonable diligence' requirement applies not only to a petitioner's filing for federal habeas relief, but it also extends to the steps that the petitioner takes to exhaust available state court remedies." (cleaned up)).  While the Court need not decide whether Mr. Hannold met his burden of showing that he "pursu[ed] his rights with 'reasonable diligence,'" which is a "fact-specific inquiry," the Court finds that these considerations further support dismissing Mr. Hannold's petition as untimely.  *See id.*